United States District Court for the District of Columbia

| | |
|---|---|
| Allison J. Brown, an individual,<br>12416 Kensington Lane<br>Bowie, MD 20715<br><br>    Plaintiff,<br><br>    v.<br><br>William H. Turri, Acting Public Printer of<br>   the United States<br>U. S. Government Printing Office<br>North Capitol St. and H St., N.W.<br>Washington, D.C.<br><br>    Defendant.<br><br>Serve:<br><br>William H. Turri<br>U. S. Government Printing Office<br>North Capitol St. and H St., N.W.<br>Washington, D.C.  20401<br><br>United States Attorney<br>555 4th St., NW<br>Washington, DC  20001<br><br>U.S. Attorney General<br>Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530 | Civil Action No. |

**COMPLAINT FOR DISCRIMINATION IN EMPLOYMENT
IN VIOLATION OF TITLE VII AND EQUAL PAY ACT VIOLATION**

Plaintiff, Allison Brown, for her complaint against Defendant William H . Turri, alleges:

    1.  This is an action for sex discrimination in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5, and the Equal Pay Act, 29 U.S.C. §206(d), *et. seq.*

**Jurisdiction and Venue**

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §1346, because it is an action against an agency of the United States, and 28 U.S.C. §1331, because it arises under the laws of the United States, particularly 42 U.S.C. §§2000e-5 and 2000e-16, and 29 U.S.C. §206(d).

3. Venue is proper in the United States District Court for the District of the District of Columbia, pursuant to 28 U.S.C. §1402(b), because all of the events giving rise to the claim occurred in the District of Columbia.

**Parties**

4. Plaintiff Allison Brown is an individual who resides in Bowie, Maryland. At all relevant times, Ms. Brown was employed by the United States Government Printing Office in Washington, D.C.

5. Defendant William H. Turri is sued in his official capacity as the Acting Public Printer of the United States and head of the United States Government Printing Office ("GPO"). The claims alleged herein arise out of the failure and refusal of responsible management officials under Defendant to compensate Ms. Brown at a level equal to one or more male coworkers, specifically David Ford, and otherwise to accord her equal treatment in terms and conditions of employment.

**Administrative Remedies**

6. Plaintiff has exhausted her administrative remedies pursuant to Title VII and the EPA, in that plaintiff submitted to and cooperated fully with the Equal Employment Opportunity counseling procedure which she initiated October 26, 2005, within 45 days of a relevant adverse action, filed a formal complaint with the agency EEO office in or about December 8, 2005, and received an adverse decision from the agency within the past 90 days.

**Facts**

7. The Plaintiff, Allison Brown, is a woman who, at all relevant times, has been employed as Information Dissemination Controller by GPO at its Headquarters in the District of Columbia. Ms. Brown received a Masters of Business Administration degree from the University of Chicago business school, and has studied and trained for over 25 years to attain her position. Ms. Brown is compensated on the PG scale at PG-15, step 3, at a salary of approximately $117,721 per year.

8. Plaintiff is informed and believes, and based thereon alleges, that David Ford was hired by GPO on the same day as plaintiff, October 4, 2004; that both were hired from outside the Federal Government; that both were hired as Controllers under identical position descriptions; and that both reported at all relevant times directly to the Chief Financial Officer.

9. Mr. Ford has received better and more perquisites in his position, including a larger office, higher quality furniture, and "top billing" on the sign outside the main door to the office suite which he and plaintiff occupy (despite being subsequent in alphabetical order). Mr. Ford and Ms. Brown share a secretary, who was and is placed under Mr. Ford's supervision. Each of these facts is evidence of discriminatory intent, and forms a pattern of sex discrimination which, in the aggregate, entitles Ms. Brown to relief under the provisions of Title VII.

10. Mr. Ford also receives more opportunities for advancement, in that he is allowed to attend Policy & Strategy Board meetings in the absence of the CFO, and other meetings and events, giving him valuable exposure to senior executives. Mr. Ford was accepted to the Excellence in Government Fellowship Program, while Ms. Brown was not. The Excellence in Government Fellowship Program is generally considered to be a vital credential for applicants to the Senior Executive Service ("SES"). Each of these facts is evidence of discriminatory intent, and

forms a pattern of sex discrimination which, in the aggregate, entitles Ms. Brown to relief under the provisions of Title VII.

11. The duties, responsibilities, performance expectations, and work required of Mr. Ford and Ms. Brown are substantially equal, such that Mr. Ford is a comparator for purposes of the Equal Pay Act; Ms. Brown's position requires substantially equal skill, effort and responsibility to that of Mr. Ford, and in the area of supervision, Ms. Brown's responsibilities are at least equal to those of Mr. Ford.

12. Ms. Brown and Mr. Ford had very similar professional backgrounds prior to hiring by GPO, including over 20 years' experience in private sector business. Ms. Brown, however, holds a Masters of Business Administration from a highly ranked business school, the University of Chicago, while Mr. Ford's degree is from a less prestigious school; Ms. Brown has passed the CPA exam, while Mr. Ford has not; and, Ms. Brown had both government non-profit organization experience in addition to private sector experience prior to her employment by GPO. Plaintiff is informed and believes, and based thereon alleges, that her qualifications and experience are equal, if not superior, to those of Mr. Ford.

13. Plaintiff is informed and believes, and based thereon alleges, that Mr. Ford has been compensated at a higher rate from the time he and plaintiff were hired, contrary to GPO and general government policy, and in violation of the Equal Pay Act. Plaintiff is informed and believes that Mr. Ford is compensated at PG-15, step 8, and that Mr. Ford did not negotiate this pay level or differential as a condition of his accepting employment with GPO. Mr. Ford has been paid between $19,000 and $23,000 more per year than Ms. Brown.

14. Management officials Steve Shedd, CFO, and William Harris, Director of Human Capital, and others not yet identified, are responsible for the discrimination against, and disparate

treatment of, plaintiff. The actions of GPO alleged above have proximately caused emotional distress to Ms. Brown, including anger, frustration, sadness, and loss of hope because of the unfair treatment she has experienced. The actions of responsible management officials herein were willful.

**First Claim for Relief**

15. Plaintiff incorporates by reference the allegations of paragraphs 1 through 14 as though fully set forth here.

16. Plaintiff Allison Brown was subjected to sex discrimination, in violation of 42 U.S.C. §2000e-5, in that she was paid less, and was accorded lesser perquisites and opportunities for advancement, than her male counterpart, Mr. Ford.

17. Plaintiff is informed and believes, and based thereon alleges, that sex has been a substantial factor in the difference in the terms and conditions of her employment, and that her employer's stated reasons for this disparate treatment are pretextual.

**Second Claim for Relief**

18. Plaintiff incorporates by reference the allegations of paragraphs 1 through 14 as though fully set forth here.

19. The Equal Pay Act, 29 U.S.C. §206(d)(1), provides:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order

5

   to comply with the provisions of this subsection, reduce the wage rate of any employee.

 20. Plaintiff Allison Brown has, from the inception of her employment by GPO, been compensated at a rate lower than a similarly situated man holding the same position and performing functions requiring substantially equal, if not lesser, skill, effort and responsibility, than plaintiff's position, in violation of the Equal Pay Act, 29 U.S.C. §206(d).

 21. As a result, plaintiff Allison Brown has suffered a compensable loss of earnings of at least $60,000, in an amount to be proved at trial.

 22. GPO acted willfully in setting the pay of Mr. Ford and Allison Brown in violation of the Equal Pay Act.

 WHEREFORE, Plaintiff prays:

 1. For an injunction requiring that Defendant compensate plaintiff Allison Brown at a higher rate, and the same rate as male employees performing substantially the same work, including but not limited to David Ford;

 2. For an injunction requiring that Defendant provide plaintiff Allison Brown substantially equal perquisites and opportunities for advancement as similarly situated male employees, including but not limited to David Ford;

 3. For back pay, benefits, and liquidated damages pursuant to the Equal Pay Act, in an amount to be proved at trial;

 4. For general and special damages for emotional and physical distress, in an amount to be proved at trial;

 5. For her reasonable attorneys' fees, costs of suit, and interest, at the prevailing rates in the District of Columbia; and,

6. For such other relief as the court deems just and proper.

        Karr & Allison, P.C.

    By: _____/s/_____
        Theodore S. Allison (D.C. Bar #441089)
        1300 19th Street, N.W., Suite 402
        Washington, D.C.  20036
        Telephone (202) 331-7600
        Attorneys for Plaintiff

### Demand for Jury Trial

Plaintiff respectfully requests a trial by jury on all claims stated herein which by law may be tried to a jury, pursuant to the Constitution and Statutes of the United States, including but not limited to 42 U.S.C. §1981a.

        Karr & Allison, P.C.

    By: _____/s/_____
        Theodore S. Allison (D.C. Bar #441089)
        1300 19th Street, N.W., Suite 402
        Washington, D.C.  20036
        Telephone (202) 331-7600

        Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**
Allison J. Brown

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Prince George M[d]
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Theodore S. Allison
Karr & Allison, PC
1300 19th St., N.W., Suite 402
Washington, DC 20036   (202) 331-7600 (tel)

**DEFENDANTS**
William H. Turri (U.S. Government Printing Ofc.)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01791
Assigned To : Bates, John D.
Assign. Date : 10/4/2007
Description: Employ. Discrim.

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
□ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)
Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Sex discrimination, 42 U.S.C. §2000e-5 and Equal Pay Act, 29 U.S.C. §206

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 60,000.00   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  Oct. 4, 2007   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.