```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

ALLISON BROWN,                  )
                                )
    Plaintiff,                  )
                                )
        v.                      )Civil Action No.  07-1791 JDB
                                )
ROBERT C. TAPELLA,              )
  Public Printer,               )
  United States Government      )
  Printing Office,              )
                                )
    Defendant.                  )
_____)
```

JOINT LOCAL RULE 16.3(c) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3(c), and this Court's December 18, 2007 Order for Initial Scheduling Conference, the Parties submit the following report.

Defendant's Statement of Case[1]

On October 4, 2004, three positions were filled within Government Printing Office (GPO) Office of Finance and Administration: Controller (Information Dissemination), Controller (Customer Services), and Controller (Plant Operations). The three selectees -- Plaintiff, Ms. Akiko Ward, and Mr. David Ford -- were all hired at the Grade PG-15 pay band, but at different step levels.  Plaintiff was

---

[1] Each party's respective statement of the case reflects only the positions of the individual party.

hired at grade 15, step 1, and Mr. Ford was hired at grade 15, step 8.  Plaintiff claims that this pay disparity violates the Equal Pay Act and was motivated by intentional sex discrimination.  Defendant submits that the decision leading to the pay differential was lawful, based on legitimate business reasons and was in full compliance with Office of Personnel Management (OPM) regulations and authority.  Additionally, it is Defendant's position that this Court lacks jurisdiction over Plaintiff's Equal Pay Act claim.

Plaintiff also claims that, on the basis of her sex, she has been accorded lesser "perquisites" (e.g., a smaller office, not receiving "top billing" on office signs) and fewer opportunities for advancement than Mr. Ford. Defendant contends that these perceived slights by Plaintiff do not amount to adverse actions within the meaning of Title VII and that Defendant has at all times acted properly and lawfully with regard to the terms and conditions of Plaintiff's employment.

### Plaintiff's Statement of Case

Plaintiff, Allison Brown, a woman employed as Information Dissemination Controller by GPO at its Headquarters in the District of Columbia, sues her employer

for sex discrimination, in violation of 42 U.S.C. §2000e-5, and violations of the Equal Pay Act, 29 U.S.C. §206(d)(1). Ms. Brown holds an MBA from the University of Chicago business school, is a CPA, and has studied and trained for over 25 years to attain her position.  Ms. Brown has, at all times during her employment, been paid less than a male employee of GPO, David Ford, who is a reasonable comparator employee for purposes of the E.P.A., and whose position is substantially equivalent to Ms. Brown's.  Like Ms. Brown, Mr. Ford was hired as a Controller, was hired on October 4, 2004, was hired from outside the Federal Government, and reports to the Chief Financial Officer of the agency.  Ms. Brown alleges that she and Mr. Ford perform substantially equal work.  Ms. Brown has better qualifications than Mr. Ford.  In addition to a higher salary, Mr. Ford receives greater perquisites, and more opportunities for advancement, than Ms. Brown.

<u>Local Rule 16.3(c) Points</u>

With regard to the numbered paragraphs of Local Rule 16.3(c), the parties report as follows:

> **1.   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has been already filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Defendant submits that all or part of this case will be resolved by dispositive motion.  At this time it does not appear that significant effort in discovery can be obviated through the dismissal of the Equal Pay Act claims, for which Defendant submits jurisdiction would lie solely in the United States Court of Federal Claims.  See 28 U.S.C. § 1346(a)(2); Complaint, ¶ 8 ("David Ford was hired by GPO on the same day as plaintiff, October 4, 2004. . ."); id., 13 ("Mr. Ford has been paid between $19,000 and $23,000 more per year than Ms. Brown.")  Defendant, therefore, anticipates the filing of a single dispositive motion after discovery which would address both the Equal Pay Act claim and the Title VII claim.  Should discovery progress in such a way as to indicate that Plaintiff's discovery into the Equal Pay Act claims is so onerous as to warrant resolution of the claims in advance of completion of all discovery, Defendant reserves the right to file a motion to dismiss the Equal Pay Act claim and to ask that discovery be stayed as to that claim.

Plaintiff contends that no part of the claim will be disposed of in favor of defendant by dispositive motion, and believes that the Equal Pay Act claim may be disposed of by summary judgment in favor of plaintiff.

> **2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties do not believe at this time that other parties will be joined. Defendant believes that the legal issues can be narrowed through a dispositive motion or partially dispositive motion but proposes to do so following at least some discovery as described above.

> **3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to assignment of this case to a Magistrate Judge for purposes other than mediation.

> **4. Whether there is a realistic possibility of settling the case.**

Defendant does not believe that there is any substantial likelihood of settlement in this action.

Plaintiff believes there is no reason settlement should not be explored at the customary stages in this action.

> **5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Defendant does not believe that this action could benefit from ADR at this time.

Plaintiff believes that ADR, in the form of a settlement conference or mediation, may be appropriate at any stage in this proceeding, in that substantial discovery and development of certain issues has been conducted in the administrative proceedings between the parties.

**6.   Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.**

Defendant submits that all or part of this action can be resolved by dispositive motion.  Defendant proposes that any such motion be filed no later than 60 days following the close of the discovery period, with any Opposition filed no later than 30 days from the filing of the dispositive motion, and any Reply filed within 15 days from the service of the Opposition.  The parties propose that a decision on Summary Judgment be issued as soon as practicable following the date of the last Summary Judgment filing.

**7.   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before February 19, 2008.

**8.  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.**

The parties propose that discovery should begin upon the entry of a scheduling order by the Court and last 180 days.  If a protective order is necessary, such as one pursuant to the Privacy Act, 5 U.S.C. § 552(b)(11), the Parties propose to attempt to reach agreement on the language for a stipulated protective order for the Court's signature, but reserve the right to file a motion for protective order if an agreement cannot be reached.

**9.  Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties do not anticipate that expert testimony will be utilized in the case, but propose the following dates for the exchange of expert reports should experts be deemed advisable:

> Plaintiff shall provide any expert reports consistent with Fed. R. Civ. P. 26(a)(2) within __60__ days of the entry of a Scheduling Order;
>
> Defendant shall provide any expert reports within __60__ days of service of Plaintiff's expert report.

**10. In class actions, . . .**

This provision is not applicable.

**11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that it is unnecessary to bifurcate or manage the trial in phases, other than as Defendant may propose in the future should discovery into the Equal Pay Act claim be more onerous than is anticipated.

**12. The date for the pretrial conference (understanding that trial will take place 30 to 60 days thereafter).**

The parties agree that the Court should set the date for the pretrial conference after ruling on dispositive motions.

**13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30- to 60 days after that conference.**

The parties agree that the appropriate time for setting of a firm trial date will be at any pretrial conference.

**14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

                                    Respectfully Submitted,

| /s/ | |
|---|---|
| THEODORE S. ALLISON, ESQ. | JEFFREY A. TAYLOR, DC Bar#498610 |
| DC Bar #441089 | United States Attorney |
| KARR & ALLISON, P.C. | |
| 1300 19th Street, N.W. | |
| Suite 402 | |
| Washington, DC  20036 | RUDOLPH CONTRERAS, DC Bar#434122 |
| (202) 331-7600 | Assistant United States Attorney |
| | |
| | /s/ |
| | W. MARK NEBEKER, DC Bar #396739 |
| | Assistant United States Attorney |
| | Civil Division |
| | 555 4th Street, N.W. |
| | Washington, DC  20530 |
| | (202) 514-7230 |

```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

ALLISON BROWN,                     )
                                   )
     Plaintiff,                    )
                                   )
          v.                       )Civil Action No.  07-1791 JDB
                                   )
ROBERT C. TAPELLA,                 )
   Public Printer,                 )
   United States Government        )
   Printing Office,                )
                                   )
     Defendant.                    )
_____)
                                   )
```

SCHEDULING ORDER

Upon consideration of the Joint Local Rule 16.3(c) Report, the following scheduling shall be followed in this action.

The parties shall serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before February 19, 2008.

Discovery shall be completed within 180 days of entry of this scheduling order.

Plaintiff shall have 60 days from entry of this order to designate any expert witnesses and provide the necessary information under Fed. R. Civ. P. 26(a)(2), should such designation be deemed necessary. Within 60 days from service of Plaintiff's expert report(s), Defendant may designate any experts witnesses and provide the necessary information under Fed. R. Civ. P. 26(a)(2).

Dispositive motions shall be filed within 60 days of the completion of discovery; oppositions to any such motion shall be

filed within 30 days from filing of the motion; and any reply shall be filed within 15 days from service of the opposition.

Pretrial and trial dates shall be established after resolution of any dispositive motions in the case.

SO ORDERED this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230

THEODORE S. ALLISON, ESQ.
KARR & ALLISON, P.C.
1300 19th Street, N.W.
Suite 402
Washington, DC  20036
(202) 331-7600