UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | Civil Action No. 07-1791 JDB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT C. TAPELLA, | ) | |
| Public Printer, | ) | |
| United States Government | ) | |
| Printing Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Motion for Determination of Subject Matter Jurisdiction of Equal Pay Act Claim or, in the Alternative, for Transfer to Court of Federal Claims**

Plaintiff, by counsel undersigned, respectfully moves the Court for a determination of the issue whether this Court has subject matter jurisdiction of plaintiff's claims under the Equal Pay Act, in full. In the alternative, should the Court find that it is without subject matter jurisdiction of the Equal Pay Act claims, plaintiff moves for an order transferring only those claims under the Equal Pay Act to the Court of Federal Claims, while retaining plaintiff's Title VII claims. Defendant, by counsel, has indicated that it would not object to a determination that the Equal Pay Act claims be transferred to the Court of Federal Claims, but opposes the exercise of jurisdiction over those claims in full by this Court.

This motion is made on the grounds that 28 U.S.C. §1346 establishes the jurisdiction of this Court over the Equal Pay Act claims, in that the amount of each claim, arising upon the issuance of each paycheck by which plaintiff was paid less than her comparator, is under $10,000. This motion is based on the accompanying memorandum of points and authorities and

the documents on file in this action. A proposed order is also attached.

Respectfully submitted,

/s/

Theodore S. Allison (DC Bar #441089)
KARR & ALLISON, P.C.
1300 19th Street, N.W., Suite 402
Washington, DC 20036
(202) 331-7600
E-mail tsallison@karrallison.com

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

ALLISON BROWN, )
) Civil Action No. 07-1791 JDB
Plaintiff, )
)
v. )
)
ROBERT C. TAPELLA, )
Public Printer, )
United States Government )
Printing Office, )
)
Defendant. )
)

**Memorandum of Points and Authorities**

By this motion, plaintiff Allison Brown suggests that this Court may exercise jurisdiction over her claims under the Equal Pay Act in their full amount, exceeding $75,000.00, and requests a ruling to that effect. Each paycheck received by Ms. Brown in violation of the Equal Pay Act constitutes a claim for purposes of 28 U.S.C. §1346. Plaintiff does not waive any part of her claim over which the Court may determine that it does not have jurisdiction; rather, should the Court determine that jurisdiction is lacking, Ms. Brown moves in the alternative for transfer of the Equal Pay Act claims to the Court of Federal Claims. Ms. Brown reserves the right to supplement her proof of damages to include such damages as are accruing, based on a continued disparity in pay; to present a claim for pre-judgment interest once an amount of damages is determined; and, to try the remainder of her claims in this action in this Court.

Plaintiff, Allison Brown, a woman who was until recently employed as Information Dissemination Controller by the U.S. Government Printing Office ("GPO") at its headquarters in

the District of Columbia, sues her employer for sex discrimination, in violation of 42 U.S.C. §2000e-5, and violations of the Equal Pay Act, 29 U.S.C. §206(d)(1).

Ms. Brown holds an MBA from the University of Chicago business school, has passed the Certified Public Accountant examinations, and has studied and trained for over 25 years to attain her position. Ms. Brown has, at all times during her employment, been paid less than a male employee of GPO, David Ford, whose position is substantially equivalent to Ms. Brown's, and who is thus a reasonable comparator employee for purposes of the Equal Pay Act. Mr. Ford, like Ms. Brown, was hired as a Controller, was hired on October 4, 2004, was hired from outside the Federal Government, and reports to the Chief Financial Officer of the agency. Ms. Brown and Mr. Ford perform substantially equal work. Ms. Brown's qualifications are superior to those of Mr. Ford.

GPO in its pleadings has questioned the jurisdiction of this Court over Equal Pay Act claims in excess of $10,000.00. This Court may consider its jurisdiction at any time, at the suggestion of the parties or *sua sponte*. "[S]ubject-matter jurisdiction may be raised at any time, by any party or even sua sponte by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. Mich. 1992) citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

It is appropriate for the Court to address the issue of jurisdiction prior to the close of discovery and the dispositive motion phase of this action. As the court in *Franzel* observed, "it offends one's sense of fairness and disrupts the efficient administration of the courts when a party waits for an unfavorable outcome before questioning subject-matter jurisdiction." *Id.* GPO, by counsel, has indicated that it would not object to a determination that the Equal Pay Act claims be transferred to the Court of Federal Claims.

1. **<u>This Court Should Exercise Jurisdiction Over the Equal Pay Act Claim In Its Entirety</u>**

This motion is premised on this Court's subject matter jurisdiction to hear and decide plaintiff's Equal Pay Act claim in full. Plaintiff is plainly entitled to pursue a judgment in the aggregate amount of the difference between her pay and that of Mr. Ford, within the jurisdictional grant of 28 U.S.C. §1346, because each paycheck received by her male counterpart exceeded each of hers by an amount under $10,000.

The jurisdiction of this Court is established by 28 U.S.C. §1346:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . (2) Any other civil action *or claim* against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . ."

(Emphasis added).

The provision for "any . . . claim against the United States, not exceeding $10,000 in amount," establishes the jurisdiction of this Court over the entirety of Ms. Brown's Equal Pay Act claims.

A plaintiff with distinct claims against the United States, each in an amount less than $10,000, may join those claims in a single action against the United States in a District Court without exceeding the $10,000 limit of the Court's jurisdiction prescribed by Section 1346. *United States v. Louisville & N. R. Co.*, 221 F.2d 698, 703 (6th Cir. Ky. 1955):

> Plaintiff could have brought a separate action on each claim in the District Court, but it seemed wise to join the various actions for the purpose of saving time for the court, the defendant, and the plaintiff. The Tucker Act does not forbid such joinder and we think such a provision should not be implied to deprive the Federal Courts of the right of availing themselves of this advantageous

> process. Joinder was recognized at common law with reference to actions on contract presenting identical legal questions such as are presented in the instant case. 'Courts of general jurisdiction are generally deemed to have inherent power, independent of any statutory authorization, to order consolidation of pending actions between the same parties, upon the same questions in controversy. . . . 1 American Jur. 476; *Bowen v. Chase*, 94 U.S. 812, 824, 24 L.Ed. 184. The right to consolidate actions is recognized in the Federal Rules of Civil Procedure 18(a). But the courts established the practice as an exercise of their inherent power. As pointed out by Mr. Justice Brandeis in *Washington-Southern Navigation Co. v. Baltimore & Philadelphia Steamboat Co.*, 263 U.S. 629, 44 S.Ct. 220, 222, 68 L.Ed. 480, 'Most rules are merely a formulation of the previous practice of the courts.' It is significant that the revision of the Tucker Act did not purport to eliminate this inherent power so long established. Moreover, permitting the joinder in instances where each claim upon which plaintiff could have sued separately falls within the $10,000 limitation, in no way affects, extends, or limits the jurisdiction of the District Court. Federal Rules of Civil Procedure, Rule 18(a).

*United States v. Louisville & N. R. Co.* was cited with approval in *March v. United States*, 506 F.2d 1306, 1309, 165 U.S. App. D.C. 267 (D.C. Cir. 1974) (a class action in which no individual claim exceeded $10,000); *American Airlines, Inc. v. Austin*, 778 F. Supp. 72 (D.D.C. 1991) (seeking millions of dollars in damages for overcharges, in which each contested overcharge was based on a single ticket, held to be an individual claim, and, being for less than $10,000, did not exceed the jurisdictional limit); and *Alaska Airlines v. Austin*, 801 F. Supp. 760, 762 (D.D.C. 1992) (same).

A number of decisions of this Court and the District of Columbia Circuit have upheld the exercise of jurisdiction in an Equal Pay Act claim beyond any supposed limit of $10,000 per action, thus affirming that a plaintiff may bring several claims against the federal government under the Equal Pay Act within a single action so long as no one claim exceeds $10,000.

In *Jehle v. Heckler*, 603 F. Supp. 124, 126-127 (D.D.C. 1985), this Court held that "An employer who violates the Equal Pay Act is liable to the employee in the amount of unpaid

wages, and plaintiff therefore clearly has a right to recover the difference in salary between that paid to her since November 1981 and that which she would have received had she been a GS-14." The date of the court's decision in *Jehle* was January 9, 1985, and the defendant was the U.S. Department of Health and Human Services, an agency of the United States. Although not stated explicitly in the opinion, the difference between the compensation of the female and the male comparator was at least $549.91 per monthly paycheck, totalling more than $20,895 for the 38 months between November, 1981 and January, 1985. (*See* Exhibit 1, General Schedule 1980, obtained from the U.S. Office of Personnel Management, of which the Court is requested to take judicial notice.)

In a series of cases involving the GPO itself, the Court of Appeals for the District of Columbia Circuit has upheld the jurisdiction of this Court over an Equal Pay Act claim exceeding $10,000. *See Thompson v. Sawyer*, 219 U.S. App. D.C. 393, 678 F.2d 257 (D.C. Cir. 1982), *Thompson v. Kennickell*, 254 U.S. App. D.C. 348 (D.C. Cir. 1986) and *Thompson v. Boyle*, 499 F. Supp. 1147 (D.D.C. 1980) (the "female bindery workers cases"); and *Thompson v. Commissioner*, 866 F.2d 709 (4th Cir. 1989).

"In 1973 Thompson instituted a class action against her employer, the United States Government Printing Office (the GPO), asserting sex discrimination claims under the Equal Pay Act and Title VII. The district court found that the GPO willfully violated the Equal Pay Act by paying higher wages to male employees than to female employees for equal work." *Thompson v. Commissioner*, 866 F.2d 709, 710-11, citing *Thompson v. Boyle*, 499 F. Supp. 1147 (D.D.C. 1979), aff'd in part and rem'd in part *sub nom.*, *Thompson v. Sawyer*, 219 U.S. App. D.C. 393, 678 F.2d 257 (D.C. Cir. 1982). The opinion in *Thompson v. Commissioner* discloses that this Court awarded Thompson $66,795.19 in back pay under the Equal Pay Act and Title VII, *and in*

*addition*, $66,135.27 in liquidated damages under the Equal Pay Act. *Thompson v. Commissioner*, 866 F.2d 709, 710-11.

Consistent with these authorities, Ms. Brown's action under the Equal Pay Act may be maintained as a series of discrete claims, each for less than $10,000. A "claim" under the Equal Pay Act arises with the issuance of each unequal paycheck. *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1051 (5th Cir. Tex. 1973) ("It is well settled that ***'A separate cause of action for overtime compensation accrues at each regular payday*** immediately following the work period during which the services were rendered and for which the overtime compensation is claimed' "), citing *Shandelman v. Schuman*, 92 F. Supp. 334, 335 (E.D. Pa. 1950); *Mitchell v. Lancaster Milk Co.*, 185 F. Supp. 66, 70 (M.D. Pa. 1960). Each issuance of a paycheck to plaintiff at a wage lower than that received by her male counterpart constituted a new discriminatory action. *Nealon v. Stone*, 958 F.2d 584, 592 (4th Cir. Va. 1992), citing *Bazemore v. Friday*, 478 U.S. 385 (1986) (per curiam). "[T]he Company's alleged discriminatory violation occurred in a series of *separate* but *related acts* throughout the course of [the plaintiff's] employment." *Nealon*, quoting *Jenkins v. Home Ins. Co.*, 635 F.2d 310, 312 (4th Cir. 1980) (emphasis added). "Nealon," the court concluded, "patently suffers current discrimination each time she is paid less than her male counterpart, if her allegations are true." 958 F.2d at 592.

As these authorities make clear, plaintiff was entitled to file a claim following the issuance of each paycheck. Based on the greatest disparity that has existed at any time between plaintiff's rate of pay and that of Mr. Ford, to plaintiff's knowledge, the amount of each such claim would have been approximately $1,000.00, based on the alleged annual disparity of $23,000.00 and a bi-weekly pay period. The result in this case would be no different than if plaintiff had filed a series of actions, each claiming the difference between her compensation and

Mr. Ford's on a quarterly basis, or a per paycheck basis, and moved to have such claims consolidated for trial. Each would be a discrete "claim," in an amount less than $10,000, and consolidation would have no effect on the jurisdiction of this Court to hear and grant relief on each such claim.[1]

Consistent with the equitable and remedial purposes of the Equal Pay Act, it would defy justice and logic to deny a plaintiff the ability to pursue her claims under the Equal Pay Act and Title VII in a single forum, where her Equal Pay Act claims could have been instituted as a series of separate actions, each within the $10,000 jurisdictional amount, and consolidated for trial.

Further, a claim under the Equal Pay Act, as a form of discrimination claim, is in the nature of a tort, and thus is not the type of claim ordinarily brought in the Court of Federal Claims. It has long been recognized that private claims arising under anti-discrimination laws are tort-like in nature. *Tyler v. City of Manhattan*, 118 F.3d 1400, 1415 (10th Cir. 1997); citing

---

[1] *See In re Community Bank of N. Va. etc. Second Mortg. Loan Litig.*, 418 F.3d 277, 298 n.12 (3d Cir. 2005) ("consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties") citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97, 77 L. Ed. 1331, 53 S. Ct. 721 (1933). "While a consolidation order may result in a single unit of litigation, such an order does not create a single case for jurisdiction purposes." *Cella v. Togum Constructeur Ensemleier En Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999). "In other words, each consolidated case must support an independent basis for subject matter jurisdiction." *In re Community Bank, supra.* Consolidation does not change the rights of the parties in the separate suits. *Cole v. Schenley Industries, Inc.*, 563 F.2d 35, 38 (2d Cir. N.Y. 1977). Rights are unaffected even though a consolidated complaint is filed. *Id.*, citing *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354 (2d Cir. 1975). The court must consider the jurisdictional basis of each complaint separately. *Cole, supra*. Consolidation does not merge suits into single cause, change parties' rights, or make those who are parties in one suit parties in another. *Johnson v Manhattan R. Co.,* 289 US 479, 77 L Ed 1331, 53 S Ct 721 (1933). There is no merger of claims ordered consolidated for trial into new and enlarged cause of action; each claim retains separate identity. *Red Lake & Pembina Bands v Turtle Mountain Band of Chippewa Indians* 173 Ct. Cl. 928, 355 F.2d 936 (1965).

*Owen v. City of Independence*, 445 U.S. 622, 636, 63 L. Ed. 2d 673, 100 S. Ct. 1398 (1980); *Pandazides v. Virginia Bd. of Ed.*, 13 F.3d 823, 829 (4th Cir. 1994). Like Title VII, "the Equal Pay Act was enacted to remedy the "serious and endemic problem" of sex-based wage discrimination. *Goodrich v. International Brotherhood of Electrical Workers*, 815 F.2d 1519, 259 U.S. App. D.C. 318 (D.C. Cir. 1987), citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974), and S. Rep. No. 176, 88th Cong. 1st Sess., 1 (1963).

In *Thompson v. Commissioner*, the court explained, "A tort action is one for 'a direct invasion of some legal right of the individual" independent of contract. . . .' Thus, sex discrimination actions in general are tort or tort-type actions and damages awarded for violation of that right are damages for personal injuries." *Thompson*, citing *Davis v. Passman*, 442 U.S. 228, 235, 60 L. Ed. 2d 846, 99 S. Ct. 2264 n. 10 (1979); Black's Law Dictionary 1335 (5th ed. 1979).[2] Moreover, the Equal Pay Act provides for a penal remedy in addition to straight back pay. 29 U.S.C. §216(b) ("Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). Even for purposes of income taxation, it has been held that at least the liquidated damages available under the EPA are "a tort-type claim for personal injuries." *Thompson v. Commissioner*, 866 F.2d, at 712.3

---

[2] The court in *Thompson* observed that, for purposes of federal income taxation, the Tax Court has recognized that back pay is "more in the nature of a payment for a contract violation," 866 F.2d at 712 without analysis of the authorities holding that the relationship between federal employees and their employer is not contractual.

[3] Moreover, in federal employment, a violation of the Equal Pay Act is an injury to a personal interest, and not a breach of contract. "Most civil rights actions are essentially claims to vindicate injuries to personal rights." *Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998), citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656,

Also, like Title VII, the Equal Pay Act provides for equitable relief, including "employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." *Id.* In actions under the Equal Pay Act also, as in a private action under Title VII, "the burden is on the defendant to prove that unequal payments are made pursuant to some legitimate, non sex-based factor. *Corning Glass*, 417 U.S. at 196; *Thompson v. Sawyer*, 219 U.S. App. D.C. 393, 678 F.2d 257, 271 (D.C. Cir. 1982).

Because of the existence of ostensibly contrary authority, plaintiff seeks to make clear that she is not waiving any portion of her damage claim under the Equal Pay Act, and, should the Court determine it cannot exercise jurisdiction over the Equal Pay Act claims, aggregated to an amount exceeding $75,000, those claims should be transferred to the Court of Federal Claims as explained in the following section.

2. **In the Alternative, the Equal Pay Act Claims Should be Transferred to Court of Federal Claims**

If the Court determines that jurisdiction cannot be exercised over plaintiff's EPA claims in their full amount, plaintiff moves, in the alternative, for transfer to the Court of Federal Claims. *See Hunter v. Rice*, 480 F. Supp. 2d 125 (D.D.C. 2007) (The defendant moves for summary judgment on plaintiff's Equal Pay Act ("EPA") claim on the ground that jurisdiction properly lies in the Court of Federal Claims. See Def. Mot. at 7-8. Where a court lacks subject matter jurisdiction, the proper course of action is to dismiss the claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure or, as in this case, to transfer it to a court that does have jurisdiction, not to grant a motion for summary judgment.) "Since the Court does not have

---

661, 96 L. Ed. 2d 572, 107 S. Ct. 2617 (1987); *Wilson v. Garcia*, 471 U.S. 261, 276; 105 S. Ct. 1938; 85 L. Ed. 2d 254 (1985). *See Kizas v. Webster*, 707 F.2d 524, 535 (D.C. Cir. 1983) ("federal workers serve by appointment" rather than by private-sector notion of contract); *accord Riplinger v. United States*, 695 F.2d 1163, 1164 (9th Cir. 1983).

jurisdiction over this claim, it will grant plaintiff's request to transfer the claim to the United States Court of Federal Claims." "Under the transfer statute, 28 U.S.C. § 1631 (2000), the claims in the Court of Federal Claims are deemed to have been filed on the same date as the plaintiff filed her district court suit." *Harbuck v. United States*, 378 F.3d 1324, 1326 (Fed. Cir. 2004).4 *See, also, Schrader v. Tomlinson*, 311 F. Supp. 2d 21, 26 (D.D.C. 2004) (transfer of this case to the Court of Federal Claims would be appropriate); *Weber v. Hurtgen*, 297 F. Supp. 2d 58, 62 (D.D.C. 2003) (where court lacked jurisdiction over EPA claim, transfer to the Court of Federal Claims was appropriate). "Should the court find that it lacks subject matter jurisdiction to decide a case on the merits, it is required either to dismiss the action as a matter of law or to transfer it to another federal court that would have jurisdiction." *d'Abrera v. United States*, 78 Fed. Cl. 51, 55 (Fed. Cl. 2007), citing *Travelers Indem. Co. v. United States*, 72 Fed. Cl. 56, 59-60 (2006); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985); *Gray v. United States*, 69 Fed. Cl. 95, 102-03 (2005).

Plaintiff submits that the authorities in this section must be distinguished from the instant case because, if for no other reason, they did not consider or distinguish the controlling authorities cited above, most notably *United States v. Louisville & N. R. Co*., 221 F.2d 698,

---

[4] This action does not suffer from the infirmity in *Harbuck* because plaintiff seeks different relief in her Title VII and Equal Pay Act claims, respectively.

*supra*; *American Airlines, Inc. v. Austin*, 778 F. Supp. 72, *supra* ; and *Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, *supra*. Plaintiff requests that this motion be granted.

Respectfully submitted,

/s/ Theodore S. Allison

Theodore S. Allison (DC Bar #441089)
KARR & ALLISON, P.C.
1300 19th Street, N.W., Suite 402
Washington, DC 20036
(202) 331-7600
E-mail tsallison@karrallison.com

**Rates of Pay Under the General Schedule**
**Effective the first pay period beginning on or after October 1, 1980**

*Annual Rates by Grade and Step*

| Grade | Step 1 | Step 2 | Step 3 | Step 4 | Step 5 | Step 6 | Step 7 | Step 8 | Step 9 | Step 10 | WITHIN GRADE AMOUNTS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | $ 7,960 | $ 8,225 | $ 8,490 | $ 8,755 | $ 9,020 | $ 9,175 | $ 9,437 | $ 9,699 | $ 9,712 | $ 9,954 | varied |
| 2 | 8,951 | 9,163 | 9,459 | 9,712 | 9,820 | 10,109 | 10,398 | 10,687 | 10,976 | 11,265 | varied |
| 3 | 9,766 | 10,092 | 10,418 | 10,744 | 11,070 | 11,396 | 11,722 | 12,048 | 12,374 | 12,700 | 326 |
| 4 | 10,963 | 11,328 | 11,693 | 12,058 | 12,423 | 12,788 | 13,153 | 13,518 | 13,883 | 14,248 | 365 |
| 5 | 12,266 | 12,675 | 13,084 | 13,493 | 13,902 | 14,311 | 14,720 | 15,129 | 15,538 | 15,947 | 409 |
| 6 | 13,672 | 14,128 | 14,584 | 15,040 | 15,496 | 15,952 | 16,408 | 16,864 | 17,320 | 17,776 | 456 |
| 7 | 15,193 | 15,699 | 16,205 | 16,711 | 17,217 | 17,723 | 18,229 | 18,735 | 19,241 | 19,747 | 506 |
| 8 | 16,826 | 17,387 | 17,948 | 18,509 | 19,070 | 19,631 | 20,192 | 20,753 | 21,314 | 21,875 | 561 |
| 9 | 18,585 | 19,205 | 19,825 | 20,445 | 21,065 | 21,685 | 22,305 | 22,925 | 23,545 | 24,165 | 620 |
| 10 | 20,467 | 21,149 | 21,831 | 22,513 | 23,195 | 23,877 | 24,559 | 25,241 | 25,923 | 26,605 | 682 |
| 11 | 22,486 | 23,236 | 23,986 | 24,736 | 25,486 | 26,236 | 26,986 | 27,736 | 28,486 | 29,236 | 750 |
| 12 | 26,951 | 27,849 | 28,747 | 29,645 | 30,543 | 31,441 | 32,339 | 33,237 | 34,135 | 35,033 | 898 |
| 13 | 32,048 | 33,116 | 34,184 | 35,252 | 36,320 | 37,388 | 38,456 | 39,524 | 40,592 | 41,660 | 1068 |
| 14 | 37,871 | 39,133 | 40,395 | 41,657 | 42,919 | 44,181 | 45,443 | 46,705 | 47,967 | 49,229 | 1262 |
| 15 | 44,547 | 46,032 | 47,517 | 49,002 | 50,487 | 51,972 | 53,457 | 54,942 | 56,427 | 57,912 | 1485 |
| 16 | 52,247 | 53,989 | 55,731 | 57,473 | 59,215 | 60,957 | 62,699 | 64,441 | 66,183 | - | 1742 |
| 17 | 61,204 | 63,244 | 65,284 | 67,324 | 69,364 | - | - | - | - | - | 2040 |
| 18 | 71,734 | - | - | - | - | - | - | - | - | - | |

Payable rate capped at $50,112.50.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | Civil Action No. 07-1791 JDB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT C. TAPELLA, | ) | |
| Public Printer, | ) | |
| United States Government | ) | |
| Printing Office, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

THE COURT having considered the motion of plaintiff for a determination whether this Court has subject matter jurisdiction of plaintiff's claims under the Equal Pay Act, in full, and any opposition thereto, and being fully advised in the premises, it is, this ___ day of __________________, 2008,

ORDERED that the motion be and hereby is granted, and that this Court shall exercise subject matter jurisdiction of plaintiff's claims under the Equal Pay Act, pursuant to 28 U.S.C. §1346, in any aggregate amount according to the allegations of the complaint or admissible evidence received by the Court, to the extent that any claim based on an individual paycheck shall not exceed the amount of $10,000.

IT IS SO ORDERED.

Dated:

______________________________________
UNITED STATES DISTRICT JUDGE