UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLISON J. BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1791 (JDB) |
| | ) |
| ROBERT C. TAPELLA, Public Printer | ) |
|  of the United States, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF JURISDICTION OF PLAINTIFF'S EQUAL PAY ACT CLAIM**

**I.     Background**

In the first of her two counts against Defendant in this case, Plaintiff alleged that she was discriminated against based on her sex by the Government Printing Office ("GPO"). In her second count, Plaintiff alleged that the GPO violated the Equal Pay Act ("EPA"). Plaintiff claimed that as a result of Defendant's violation of the EPA, she "has suffered a compensable loss of earnings of at least $60,000."[1] The cap for EPA claims in this Court is $10,000. Plaintiff's Motion at 1; 28 U.S.C. 1346(a)(2) ("the Little Tucker Act"). Despite demanding "at least $60,000," Plaintiff asks this Court to find that it has jurisdiction for Plaintiff's EPA claim. Defendant does not contest that this Court has jurisdiction over EPA claims limited to no more than $10,000. Defendant maintains, however, that the Court does not have jurisdiction for Plaintiff's claim above and beyond $10,000, as plead.

In short, Plaintiff failed to file her EPA claim in the right court. She tries to remedy her failure by making an awkward argument that her "claim" for an EPA violation is really a series

---

[1] Plaintiff now claims that her damages as a result of Defendant's alleged violation of the EPA now exceeds $75,000. Plaintiff's Motion at 3.

of smaller claims. Therefore, she argues, jurisdiction is proper in this Court even though the aggregate of her claims greatly – and admittedly – exceeds $10,000. Plaintiff builds her argument on cases that are the exception to the rule. But the rule still applies: it is the aggregate of Plaintiff's claim that deprives this Court of jurisdiction over her EPA claim.

## II.     Argument

Plaintiff does not contest the $10,000 limitation on EPA claims brought in Federal District Court. Plaintiff also prayed for more than $60,000 in her Complaint and now alleges that the total amount of her EPA claim exceeds $75,000. The jurisdictional analysis should stop here: this case belongs in the Court of Federal Claims or Plaintiff's damages in this Court, if any, must be limited to $10,000. Plaintiff tries to circumvent the statutory limitation by saying that her "claim" is not for $75,000 or more, but rather is a series of claims that are each less than $10,000. Thus, she claims, this Court should hear her EPA claim and should, presumably, grant her relief in excess of $10,000 if it is found that Defendant violated the EPA.[2]

Plaintiff's argument is flawed. Plaintiff relies on the exception but ignores the rule and the substantial case law that contradicts her position.

### A.     The Vast Majority of Relevant Cases Look to the Aggregate Amount of the Alleged Violation

The bulk of case law on this topic shows that it is the aggregate amount of a plaintiff's claim that determines whether the Federal District Court has subject matter jurisdiction to hear

---

[2] Were Plaintiff correct, many, if not all, EPA plaintiffs would be able to circumvent the Little Tucker Act and bring their EPA claims in Federal Court. It is hard to imagine many EPA claims where the single paycheck in question would be greater than $10,000. The vast majority of EPA cases, then, deal with paychecks substantially less than that. To allow Plaintiff to succeed here would allow many, if not all, plaintiffs to file their EPA claims in Federal District Court. Such a result would run contrary to a long line of EPA jurisprudence.

an EPA case. While courts have not dealt head-on with the specific issue of whether or not the distribution of each individual paycheck constitutes a separate violation of the EPA, the clear implication from the relevant case law holds that the total amount prayed for is what is looked at for jurisdictional purposes.

In Schrader v. Tomlinson, 311 F.Supp.2d 21 (D.D.C. 2004), the plaintiff failed to allege a specific amount of damages that she was entitled to as a result of the defendant's EPA violation. It could be inferred, the defendant argued, that the plaintiff's claim was for more than $10,000 because the difference between the plaintiff's salary and that of her male counterpart was approximately $10,000 a year. She claimed, as does Plaintiff in this case, that the violation had occurred for several years and thus resulted in damages of more than $10,000. Nonetheless, the court stated that "[p]laintiff has not provided any argument or evidence showing that her claims do not *amount to* at least $10,000...Accordingly, the Court concludes that plaintiff's EPA *claim* should be dismissed as jurisdiction lies solely in the Court of Federal Claims." Schrader, 311 F.Supp.2d at 25-26. (Emphasis added). Defendant contends that: 1) the use of the phrase "amount to" indicates that the court looked at the total amount of the difference in salaries; and 2) the use of the word "claim" indicates that the court looked at the plaintiff's EPA allegation as a single claim and not, as Plaintiff here would have the Court do, as a series of smaller claims.

In Weber v. Hurtgen, 297 F.Supp.2d 58 (D.D.C. 2003), the court again considered the impact of the Little Tucker Act on an EPA case. The plaintiff alleged violations of the EPA from 1995 to 1998 and in an amount exceeding $10,000. The Court stated that the "plaintiff's request for compensatory or liquidated damages, as well as back pay, bonuses, and interest for performance of duties and responsibilities of two...positions, greatly exceeds $10,000. In light of

these damages, the Court lacks jurisdiction and transfers the EPA claim to the Court of Federal Claims." Weber, 297 F.Supp.2d at 62.³  Defendant notes that, again, the court did not treat each of the plaintiff's paychecks or her bonuses as separate EPA claims.  See also Moorehead v. Chertoff, 2007 WL 737370, *2 (W.D. Wash. 2007) (holding that the court lacked subject matter jurisdiction over the plaintiff's EPA claim.  The plaintiff did not plead a sum certain, though she did concede that the aggregate of her claim exceeded $10,000.).

Additional recent case law on the subject of the Court of Federal Claims' exclusive jurisdiction over Equal Pay Act claims of more than $10,000 confirms that the proper jurisdiction for Equal Pay Act claims lies with the Court of Federal Claims.  See, e.g., Weber v. Battista, 494 F. 3d 179, 181 (D.C. Cir. 2007) ("district court transferred Weber's claim under the Equal Pay Act to the Court of Federal Claims, which has exclusive jurisdiction over claims against the federal government exceeding $10,000"); also see Harbuck v. United States, 378 F.3d 1324 (D.C. Cir. 2004).  In Harbuck, just as in the present case, the plaintiff filed a complaint in district court complaining of Title VII and EPA violations.  The EPA claim was transferred to the Court of Federal Claims "because Harbuck was seeking damages of more than $10,000 in [the EPA] count" so the district court "had no jurisdiction over it."  Harbuck, 378 F.3d at 1327.  In Harbuck, then, the court looked at the *count* alleging a violation of the EPA; it did not look at the defendant's conduct as being a series of EPA violations.⁴

---

³   In Weber, the court also held that EPA claims could not be brought before the District Court via pendent jurisdiction.  Id. At 62, n. 2.

⁴   For additional cases that transferred EPA claims because the total amount of the alleged violation exceeded $10,000, see Mansfield v. United States, 71 Fed.Cl. 687,692 (2006) (Court of Federal Claims stating that a "plaintiff asserting a cause of action in this Court *must* bring the action in this Court, instead of District Court, if the claim exceeds $10,000...[G]iven

B.      Plaintiff Relies on Cases That Are Not Dispositive

First, Plaintiff relies on Thompson v. Commissioner, 866 F.2d 709 (4th Cir. 1989). Plaintiff's reliance on this case is curious for several reasons. First, it is a tax case. Second, it is impossible to tell whether or not the plaintiff's award under the Equal Pay Act was capped at $10,000 by the Tucker Act.[5] Third, as to Plaintiff's contention that the EPA claims sound in tort, the Thompson court explicitly stated that, at least for tax purposes, "the Tax Court correctly recognized that 'an amount paid as back pay under the [EPA] is more in the nature of a payment for a contract violation than for a tort-type right.'" Thompson, 866 F.2d at 712.
Plaintiff's reliance on American Airlines, Inc. v. Austin, 778 F.Supp. 72 (D.D.C. 1991), and United States v. Louisville & Nashville Railroad Company, 221 F.2d 698 (6th Cir. 1955), are equally curious. In neither case was the court looking at EPA claims. In Louisville, the court held that it had subject matter jurisdiction over a claim that totaled more than $10,000 because each of the underlying bills of lading was a separate contract. The Court's analysis concluded that because "these 74 claims arise out of diverse and separate acts and agreements and totally

---

Plaintiff's request for pay at the SL grade level which was approximately $8,000 more than she earned annually, for several lengthy periods between September 2002 and March 2005, the Court infers that the pay Plaintiff seeks exceeds $10,000."). (Emphasis added); Hunter v. Rice, 480 F.Supp.2d 125, 131 (D.D.C. 2007) (transferring the plaintiff's EPA claim to the Court of Federal Claims where amount in controversy exceeded $10,000); De Leon v. England, No. Civ.A. 02-0473, 2003 WL 21767504, at *2 (D.D.C. Feb. 20, 2003) (same); Bolden v. Ashcroft, 515 F.Supp.2d 127, 136-37 (D.D.C. 2007) (holding that the district court lacked subject matter jurisdiction over plaintiff's EPA claim because the requested relief exceeded $10,000); Powell v. Castaneda, 390 F.Supp.2d 1, 7 (D.D.C. 2005) (same); Schrader v. Tomlinson, 311 F.Supp.2d 21, 26 (D.D.C. 2004) (same).

[5]     The Court says the following about the plaintiff's damages: "The amount of back pay and liquidated damages awarded Thompson were not equal due to differing limitations periods under Title VII and the Equal Pay Act." Thompson, 866 F.2d 709, 712 n.1.

different evidence is necessary to support them, plaintiff has not split a single cause of action as contended by defendant, but has joined several causes of action." Louisville, 221 F.2d at 702. The same cannot be said here; the same evidence to support "one violation" of the EPA would be the same evidence needed to support them all. There are no "diverse and separate acts" complained of in this case, only the issuance of multiple paychecks. The court in American Airlines, a case that came after and relied heavily on Louisville, reached a similar conclusion as the Louisville court except that instead of bills of lading, the American Airlines case dealt with multiple airline tickets. Again, neither case dealt with EPA claims. While Hodgson v. Behrens Drug Company, 475 F.2d 1041 (5th Cir. 1973), dealt with an EPA claim, the issue in the case was whether or not the issuance of each paycheck created ongoing violations of the EPA for statute of limitations purposes. The court held that regarding the statute of limitations, the issuance of each paycheck begins a new limitations period,[6] but the issue of whether or not the court had subject matter jurisdiction to hear claims of more than $10,000 was not raised in the case. It is, therefore, neither dispositive nor authoritative on the issue raised in Plaintiff's motion.

**III.     Defendant Does Not Oppose the Transferring of This Case to the Court of Federal Claims**

To the extent Plaintiff argues that, in the alternative, the EPA claim should be transferred to the Court of Federal Claims, Defendant does not object. The Court of Federal Claims, after all, is where this case belongs. While Defendant asserts that this Court lacks jurisdiction for Plaintiff's EPA claim, it likewise asserts that jurisdiction in the Court of Federal Claims is proper.

---

[6]     But see Ledbetter v. Goodyear Tire and Rubber, Inc., 127 S.Ct. 2162, 2171-76 (2007).

**IV.     Conclusion**

       This Court lacks subject matter jurisdiction for Plaintiff's EPA claim.  The Little Tucker Act limits this Court's jurisdiction to claims not exceeding $10,000.  Plaintiff's EPA claim is for more than $75,000.  As such, her claim is not properly brought in this Court.  Defendant does not object to the transferring of this case to the Court of Federal Claims.

Dated: July 22, 2008.                              Respectfully,

    /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


    /s/
CHRISTIAN A. NATIELLO, D.C. #473960
Assistant United States Attorney
555 4th St., N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338