**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALLISON J. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-1791 (JDB) |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT C. TAPELLA, Public Printer of the United States, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY MEMORANDUM OF PLAINTIFF IN SUPPORT OF MOTION FOR DETERMINATION OF JURISDICTION**

Defendant correctly observes that plaintiff does not contest the $10,000 limitation imposed by the Tucker Act and Little Tucker Act on certain claims against the Federal Government filed in Federal District Court. Plaintiff does indeed contend, however, that this limitation does not apply to aggregated claims in a single action under the Equal Pay Act.[1]

Defendant's argument to the contrary elevates form over substance. Each paycheck gives rise to a new claim under the Equal Pay Act, as plaintiff has established, and it is merely semantic to argue about the reference to a "claim" in the singular, or the aggregation of claims. The jurisdictional analysis should be resolved in accordance with law, to do substantial justice between the parties. It is unlikely that this Court would view with favor the filing of a separate Equal Pay Act action for each paycheck, but defendant offers neither authority nor argument that plaintiff could not have done so, thereby obtaining all the relief she seeks in this Court.

Defendant purports to survey the bulk of case law on this topic; the flaw in this analysis is

[1] Plaintiff seeks compensation in excess of $75,000, and, should the Court find that it is without jurisdiction, will pursue those claims in the Court of Federal Claims.

that none of these authorities analyzes the issue as presented in plaintiff's action.  As defendant concedes, "courts have not dealt head-on with the specific issue of whether or not the distribution of each individual paycheck constitutes a separate violation of the EPA."

*Schrader v. Tomlinson*, 311 F.Supp.2d 21 (D.D.C. 2004) dealt only with whether the amount of a claim could be inferred from non-monetary allegations in the complaint.  The plaintiff failed to argue the per-paycheck theory, and the court did not address the issue.  Neither *Schrader* nor the other cases cited by defendant distinguished the female bindery workers cases against GPO,[2] nor did any analyze the meaning of a "claim" under the Tucker Act, or whether a single lawsuit can consist of more than one "claim."  The *Thompson* cases cited by plaintiff involved EPA claims exceeding $10,000, against the same agency that plaintiff sues: the Government Printing Office.  Similarly, defendant does not explain how the Tucker Act did not deprive the Court of jurisdiction in *Jehle v. Heckler*, 603 F. Supp. 124 (D.D.C. 1985).

In *Harbuck v. United States*, 378 F.3d 1324 (D.C. Cir. 2004), plaintiff herself moved to transfer her case to the Court of Federal Claims, apparently conceding the jurisdictional issue and thus removing it from consideration and decision by the court of appeals.

It is irrelevant that the shipping and air transport cases (motion, at 5-6) may have involved separate contracts, each for an amount under $10,000.  The Tucker Act pertains by its own terms not to separate contracts but to separate *claims*, and it has always been recognized that a plaintiff

---

[2] *Thompson v. Sawyer*, 219 U.S. App. D.C. 393, 678 F.2d 257 (D.C. Cir. 1982), *Thompson v. Kennickell*, 254 U.S. App. D.C. 348 (D.C. Cir. 1986), *Thompson v. Boyle*, 499 F. Supp. 1147 (D.D.C. 1980).  *Thompson v. Commissioner*, 866 F.2d 709 (4th Cir. 1989), a tax appeal, is cited solely because it establishes as a fact that the plaintiff in *Thompson v. Sawyer* recovered more than $60,000 from the federal government in an EPA case.  The plaintiff's award could not have been "capped" at $10,000, as defendant has speculated, without that having been an issue in the tax case.

may pursue multiple claims, in a series of actions, for successive breaches of a single contract requiring periodic performance by the defendant.

The result of which defendant warns, that recognizing jurisdiction in this case would "allow many, if not all, plaintiffs to file their EPA claims in Federal District Court," would be neither catastrophic nor anomalous, given that the district courts (1) hear EPA claims against private employers, (2) hear a panoply of other federal discrimination claims, and (3) may always hear an EPA claim against the federal government seeking less than $10,000, and (4) may entertain multiple actions by the same plaintiff based on succeeding pay periods, consolidating such claims or deciding later-filed actions through the application of collateral estoppel.[3]

This Court should harmonize the seemingly conflicting decisions cited by the parties, and bring consistency to this area of law, by recognizing that a plaintiff who files multiple actions under the EPA, each claiming less than $10,000, should have no greater entitlement to litigate in this Court than one who has aggregated several EPA claims into a single lawsuit.

Respectfully submitted,

/s/ Theodore S. Allison

Theodore S. Allison (DC Bar #441089)
KARR & ALLISON, P.C.
1300 19th Street, N.W., Suite 402
Washington, DC 20036
(202) 331-7600
E-mail tsallison@karrallison.com

---

[3] Defendant has not addressed at all the undisputed principle that plaintiff could have filed separate actions, each claiming under $10,000, without running afoul of the Tucker Act's limitation.

Case 1:07-cv-01791-JDB    Document 10    Filed 07/27/2008    Page 4 of 5

**Certificate of Service**

I hereby certify that a copy of the foregoing was served upon the defendant, by counsel, through the electronic filing system.

/s/ Theodore S. Allison